**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Young at Heart LLC, | No. CV-20-00918-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Atlatl Group LLC, et al., | |
| Defendants. | |

Before the Court are Plaintiff's Motion for Leave to File Overlength Brief (Doc. 13) and Motion for Temporary Restraining Order and Prejudgment Writ of Replevin (Docs. 14, 15). The Court will permit Plaintiff to file an overlength brief and require a status report addressing the status of service on Defendants by 5:00 PM today.

Plaintiff filed this case on May 12, 2020. The next day, Plaintiff filed an *ex parte* emergency motion for expedited discovery. (Doc. 5.) Summonses issued on May 15. (Docs. 6-9.) The Court then denied the emergency motion for expedited discovery, stating, "Plaintiff has not shown why the extraordinary remedy of early discovery is warranted at this juncture." (Doc. 11.) Plaintiff now brings the motion to file an overlength brief and the motion for TRO and prejudgment writ of replevin.

Plaintiff first requests that the Court permit it to file a 21-page brief. (Doc. 13.) The Court will grant this request, albeit reluctantly. A review of the motion indicates that Plaintiff could easily have satisfied the 17-page limit. *See* LRCiv 7.2(e)(1). Counsel is advised that for future filings, they should exercise editorial judgment with an eye towards

satisfying this District's page limitations.

As to the motion for TRO and prejudgment writ of replevin, there is no indication in the record that Plaintiff has served Defendants pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. Plaintiff has not filed any proof of service in this case. The motion also states that Defendants' counsel has been provided with notice of the pending motion by mail and email "out of an abundance of caution." (Doc. 14 at 15.) However, at no point does it describe the status of service of process or any such efforts made to date. Nor does it indicate that Plaintiff has requested that Defendants' counsel accept service on their behalf.

The Court is not convinced that *ex parte* relief is appropriate at this point. The case was filed more than two weeks ago. Plaintiff claims that it involves an emergency but has not effected service. *See Best Deals on TV, Inc. v. Naveed*, 2007 WL 902564, *4 (N.D. Cal. 2007) (Plaintiff cannot show the need for a temporary restraining order without notice when Plaintiff waited months after learning of the situation to file the request). Further, the email correspondence designated as Exhibit A, which indicates a disagreement between the parties about the personnel permitted to inspect the houseboat at issue, demonstrates that Defendants should be fully heard before the Court considers ordering temporary injunctive relief in this case. (Doc. 15.)

Given those points, the Court is confused as to Plaintiff's counsel's objective in failing to effectuate service by now. Therefore, by no later than 5:00 PM today, May 29, 2020, Plaintiff shall file a status report stating why it has not yet effected service of process as required by Rule 4(m). The status report shall also describe the status of service, including the specific steps that Plaintiff has taken, if any. The status report shall also indicate any additional steps that Plaintiff anticipates taking and when it reasonably expects service to be completed.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Motion for Leave to File Overlength Brief (Doc. 13). The Clerk of the Court is directed to file the documents lodged as Docs. 14 and

1 | 15 in this matter.

**IT IS FURTHER ORDERED** that by no later than **5:00 PM (Arizona time) today, May 29, 2020**, Plaintiff shall file the status report described herein.

Dated this 29th day of May, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge