**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Young at Heart LLC, | No. CV-20-00918-PHX-MTL |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER** |
| v. | |
| Atlatl Group LLC, et al., | |
| Defendants. | |

The Court has considered Plaintiff's Verified Complaint, Motion for Temporary Restraining Order, the supporting exhibits, and the arguments of Plaintiff's counsel at the June 2, 2020 status conference. The Court will enter a temporary restraining order for the reasons described herein.

## I.    LEGAL STANDARD

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Whitman v. Hawaiian Tug & Barge Corp./Young Bros., Ltd. Salaried Pension Plan*, 27 F. Supp. 2d 1225, 1228 (D. Haw. 1998). A plaintiff seeking a temporary restraining order must establish that it is likely to succeed on the merits, likely to suffer irreparable harm in the absence of temporary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Am. Trucking Ass'n, Inc. v. City of L.A.*, 559 F.3d 1046, 1052 (9th Cir. 2009). These elements are balanced on a sliding scale. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir.

2011). The movant bears the burden of proof on each element of the test. *See Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court makes the following findings of fact and law.

*1. YAH is likely to succeed on the merits.*

The Court finds that YAH is likely to succeed on the merits of its breach of contract claim against Defendant The Atlatl Group, LLC dba Bravada Yachts ("Bravada"), as set forth in the Verified Complaint (Doc. 1), because Bravada failed to deliver the houseboat that it agreed to construct for YAH (the "Houseboat") by April 1, 2020, pursuant to the parties' Houseboat Construction Agreement dated October 23, 2018, and as amended by the Amendment to Houseboat Construction Agreement dated August 1, 2019 (the "Agreement"). While the correspondence attached to YAH's Verified Complaint indicates Bravada believes a $155,000 change order payment is due and owing, no evidence has been provided to the Court that YAH certified the progress to which the change order pertains, and there appears to be at least an argument from the Agreement that such certification is required. Nevertheless, the Court finds that the sum of $155,000 constitutes a proper amount of security for this Order, as required by Rule 65(c).

*2. YAH will likely suffer irreparable harm without this relief.*

Furthermore, a review of the Agreement attached to the Verified Complaint reveals that the parties clearly intended for the Houseboat to be unique and one-of-a-kind. Indeed, in one of the letters attached to the Verified Complaint, Bravada's attorney describes the Houseboat construction process as "a long, collaborative process of customization and accommodation." (Doc. 1-5 at 1.)

Courts have found irreparable harm to exist in the face of threatened disposal of unique and rare items. *See, e.g., Mellen Inc. v. Loan*, No. 2:16-CV-00648-DLR, 2016 WL 3144165, *6 (D. Ariz., June 6, 2016) (finding irreparable harm sufficient to enjoin a defendant from selling a unique and rare diamond in the face of competing claims of rights to the diamond); *FTC v. Kutzner*, No. 8:16-CV-00999-DOC-AFM, 2017 WL 5188334, *9

(C. D. Cal., Mar. 10, 2017) (enjoining receiver from selling a men's Rolex watch, two Chanel watches, and a Boucheron necklace valued at a total of $119,633, because they were "valuable and unique pieces of jewelry" and their sale would constitute irreparable harm). Furthermore, the nearly $1 million in IRS tax liens against Bravada and the existence of another lawsuit alleging Bravada has yet to begin construction of a houseboat for that plaintiff, despite substantial payment,[1] together suggest that Bravada may not be able to collect any monetary judgment that it might secure against Bravada.

Therefore, because the Houseboat is unique and one-of-a-kind, and because any monetary judgment that YAH may secure against Bravada may very well by pyrrhic, this Court finds that YAH would suffer irreparable harm if the requested temporary restraining order were not granted.

### 3. *The balance of equities favors YAH.*

The Court finds that a balance of the equities favors YAH. YAH has, to date, paid $917,500 to Bravada, yet Bravada retains possession both of the Houseboat (in whatever form it now exists) and the $917,500, despite a contractual obligation to deliver the Houseboat on or before April 1, 2020. Bravada has now threatened to sell the Houseboat instead (*see* Doc. 18, Ex. A, at 2; *see also* Doc. 1-2 ¶¶ 10.1.2, 10.2), and while Bravada offered to pay $817,500 to YAH over six months, Bravada gave no indication that it has the money on-hand and could pay YAH today. The fact that Bravada appears to have almost $1 million in IRS tax liens levied against it renders dubious any promise of future payment. The balance of equities, to at least preserve the status quo by preventing the threatened sale of the Houseboat, favors YAH.

### 4. *This Order is in the public interest.*

Finally, the public has an interest in upholding enforceable contracts. *Ajilon Professional Staffing, LLC v. Griffin*, No. 2:09-CV-00561-PHX-DGC, 2009 WL 976522, *4 (D. Ariz. April 10, 2009) (quoting *Universal Engraving, Inc. v. Duarte,* 519 F.Supp.2d 1140, (D. Kan. 2007)). Whatever the competing claims of the parties may be, it is clear

---

[1] *See* the First Amended Complaint in *Revenant Entm't, LLC v. The Atlatl Group, LLC, et al.*, No. 2:20-CV-00578-DWL (D. Ariz.) (Doc. 16) (April 22, 2020).

- 3 -

that Bravada has not delivered the Houseboat to YAH on April 1, 2020, as it was obligated to do. Preserving the status quo until the competing claims of the parties can be fully litigated is in the public interest.

### III. NOTICE

Plaintiff has indicated that it provided notice to Defendants, and Defendant Bravada's known counsel, of the Complaint, Motion for Temporary Restraining Order, and June 2, 2020 status conference. However, the Court has not held a formal hearing on the merits of the Motion for Temporary Restraining Order, nor has it ordered Defendants to respond in writing to the motion. Accordingly, the Court will consider this to be a temporary restraining order without notice. The Court concludes that a temporary restraining order without notice is appropriate in this case because, for the reasons described herein, Plaintiff would suffer irreparable harm if the houseboat at issue is sold, liquidated, transferred, or otherwise disposed of. The Court concludes that swift action is appropriate in this case.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED granting in part** the Motion for Temporary Restraining Order (part of Doc. 17), as follows, as of 9:00 AM on June 4, 2020:

Bravada is HEREBY ENJOINED from selling, liquidating, transferring, or otherwise disposing of:

(a) the houseboat that Bravada agreed to build for YAH (the "Houseboat") pursuant to that certain Houseboat Construction Agreement, dated October 23, 2018, as amended by that certain Amendment to Houseboat Construction Agreement, dated as of August 1, 2019 (the "Agreement"), in whatever form it now exists; or

(b) any materials or equipment Bravada purchased for construction of the Houseboat or which have otherwise been identified to the Agreement.

**IT IS FURTHER ORDERED** that Plaintiff shall serve this Temporary Restraining Order, any other orders entered herein, and all supporting papers upon Defendants for this

Order to take effect.

**IT IS FURTHER ORDERED** pursuant to Federal Rule of Civil Procedure 65(c), the Temporary Restraining Order set forth herein shall be subject to the posting of security with the Clerk of the Court by Plaintiff, in the form of a bond in the amount of $155,000. This Order may not be served until this bond is posted.

**IT IS FURTHER ORDERED** that because this Temporary Restraining Order will expire at 9:00 AM on June 18, 2020, if Plaintiff seeks a Preliminary Injunction for the duration of this case, a Motion for Preliminary Injunction must be filed no later than June 9, 2020, and provided to Defendants within 24 hours. If Defendants wish to respond, they must do so no later than June 12, 2020. Any reply is due by June 15, 2020.

**IT IS FINALLY ORDERED denying in part**, without prejudice, the portion of Doc. 17 requesting a prejudgment writ of replevin.

Dated this 4th day of June, 2020.

Michael T. Liburdi
United States District Judge